UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
_____

| | |
|---|---|
| GENE W. MILLER,              : | |
|         Petitioner,    : | |
|                         : | |
|    v.                           : | No. 2:16-cv-5041 |
|                         : | |
| WARDEN MR. MOONEY and DISTRICT    : | |
| ATTORNEY of PHILADELPHIA COUNTY,  : | |
|         Respondents.  : | |

_____

**MEMORANDUM**
Petition under 28 U.S.C. § 2254, ECF No. 5 – Dismissed

**Joseph F. Leeson, Jr.**                                                       **December 19, 2016**
**United States District Judge**

      Petitioner Gene Miller alleges that his 1984 state sentence of mandatory life imprisonment is unlawful and that his habeas corpus petition is timely based on a Supreme Court decision rendered earlier this year. However, the case he relies upon to support the merits of his claim, which was decided after he was sentenced, has not been made retroactive, and the one-year period of limitations bars his petition.

**I.    BACKGROUND**

      On October 30, 1984, Petitioner was convicted of first-degree murder in the Philadelphia County Court of Common Pleas, for which he was sentenced to mandatory life imprisonment without parole. He unsuccessfully challenged his conviction in the state and federal courts. *See, e.g. Miller v. Souther*, No. 2:12-cv-01063 (E.D. Pa. Oct. 12, 2012) (dismissing the habeas petition as untimely); *Miller v. Pennsylvania*, 2:01-cv-05511 (E.D. Pa. April 29, 2002) (dismissing the habeas petition on screening for failure to state claim); *Commonwealth v. Miller*, No. CP-51-CR-0507091-1984 (Phila. Ct. Com. Pl. Mar. 3, 2016) (dismissing the Post-

Conviction Relief Act petition pursuant to 42 Pa. Cons. Stat. § 1941, which raised claims based on *Alleyne*[1] and *Montgomery*,[2] as untimely.).

On September 20, 2016, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2554 challenging his state sentence. He filed an amended habeas petition on November 14, 2016. Petitioner alleges that his mandatory sentence is unlawful under *Alleyne*[3] and that the Supreme Court's decision in *Montgomery* rendered *Alleyne* retroactive to cases on collateral review. Relying also on the Supreme Court's decision in *Teague*,[4] he argues that this retroactivity excuses the untimeliness of his petition.

## II.     ANALYSIS[5]

There is a one-year period of limitation that applies to a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). As it applies in this instant action, this limitation period began to run from the latest of either "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or "the date on which the constitutional right asserted was initially recognized by the Supreme

---

[1]     *Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury").

[2]     *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).

[3]     To the extent Petitioner also suggests that his sentence was rendered invalid by *Montgomery*, this claim fails because *Montgomery* addressed simply the retroactivity of *Miller v. Alabama*, 132 S. Ct. 2455 (2012). *Miller*, which held that mandatory life without parole for juvenile offenders is unconstitutional, has no applicability to Petitioner because he was twenty-two years of age at the time of the offense. *See Gribschaw v. Wenerowicz*, No. 10-1106, 2016 U.S. Dist. LEXIS 37870, at *72 (W.D. Pa. Mar. 23, 2016) (rejecting the petitioner's argument that the underlying science relied upon by the Supreme Court in *Miller* applies equally to non-juveniles).

[4]     *Teague v. Lane*, 489 U.S. 288 (1989).

[5]     Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court, upon receipt of a habeas petition, "must promptly examine it," and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.*

Under the first possible start date for the period of limitations, Petitioner had until April 24, 1997, to seek federal habeas relief because his judgment became final prior to the effective date of § 2244(d). *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). The second option, upon which Petitioner relies, is available only if the constitutional right that *Alleyne* first recognized has been made retroactive to cases on collateral review. It has not.

The Third Circuit Court of Appeals addressed this exact issue and held that "*Alleyne* cannot be applied retroactively to cases on collateral review." *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014). The court, applying *Teague*, concluded that *Alleyne* did not fall into either category of cases that apply retroactively. *Id.* These two categories are substantive rules of constitutional law and new watershed procedural rules. *Teague*, 489 U.S. at 316. The court explained that "*Alleyne* announced a procedural, rather than substantive rule," and that the rule did not fall into the "extremely narrow" class of watershed rules of criminal procedure. *United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014).

Petitioner ignores the Third Circuit Court of Appeals' finding that *Alleyne* announced a procedural rule. Instead, he argues that the Supreme Court's decision earlier this year in *Montgomery* renders *Alleyne* retroactive. However, *Montgomery* addressed a new substantive rule of constitutional law, which is an exception to the general retroactivity bar. There was no mention of *Alleyne* in the *Montgomery* decision, nor any discussion that would call into question the Third Circuit's finding that *Alleyne* announced a procedural rule. *See Kale v. Collins*, No. 12-6511, 2016 U.S. Dist. LEXIS 85041, at *14-15 (E.D. Pa. June 30, 2016) (concluding that neither of the exceptions to the retroactivity bar discussed in *Montgomery* applied because

*Alleyne* announced a procedural rule); *Brewer v. Superintendent, SCI Coal Twp.*, No. 15-5078, 2016 U.S. Dist. LEXIS 84623, at *24-28 (E.D. Pa. June 28, 2016) (confirming, after *Montgomery*, that *Alleyne* does not apply retroactively to final convictions on collateral review), *adopted by*, 2016 U.S. Dist. LEXIS 107758 (E.D. Pa. Aug. 12, 2016); *Commonwealth v. Washington*, 142 A.3d 810, 818 (Pa. 2016) (reasoning that under the retroactivity framework outlined in *Montgomery*, the *Alleyne* rule is procedural, not substantive, and is not of a groundbreaking watershed character). *Montgomery* therefore has no bearing on the instant action, and the new rule of constitutional law upon which the habeas claim is based has not been made retroactive.

### III. CONCLUSION

Petitioner's motion pursuant to 28 U.S.C. § 2254 is untimely and is therefore dismissed. A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge